United States Court of Appeals
Fifth Circuit

**F I L E D**

**August 17, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 04-40875
Conference Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN JOSE TORRES-LUCIO,

Defendant-Appellant.

---------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:04-CR-223-ALL
---------------------

Before BENAVIDES, CLEMENT, and PRADO, Circuit Judges.

PER CURIAM:[*]

Juan Jose Torres-Lucio appeals from his guilty-plea conviction for illegal reentry following deportation. For the first time on appeal, Torres-Lucio contends that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b) are unconstitutional in light of Apprendi v. New Jersey, 530 U.S. 466 (2000). As Torres-Lucio concedes, his argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998). See United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000).

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Citing <u>United States v. Booker</u>, 125 S. Ct. 738, 756 (2005), Torres-Lucio argues, also for the first time on appeal, that the district court erred in sentencing him under a mandatory sentencing guidelines scheme. He acknowledges that this argument is reviewed for plain error. Nevertheless, Torres-Lucio contends that he does not have to show that the district court's error affected his substantial rights because the error is structural and because prejudice should be presumed.

Plain error is the correct standard of review. <u>See</u> <u>United States v. Malveaux</u>, 411 F.3d 558, 560 (5th Cir. 2005), <u>petition for cert. filed</u> (July 11, 2005) (No. 05-5297). The district court committed error that is plain when it sentenced Torres-Lucio under a mandatory sentencing guidelines regime. <u>See</u> <u>United States v. Valenzuela-Quevedo</u>, 407 F.3d 728, 733 (5th Cir. 2005), <u>petition for cert. filed</u> (July 25, 2005) (No. 05-5556); <u>United States v. Martinez-Lugo</u>, 411 F.3d 597, 600 (5th Cir. 2005). Torres-Lucio's arguments that application of the mandatory guidelines scheme is a "structural" error that is not susceptible to plain-error analysis or, alternatively, that plain-error prejudice should be presumed, lack merit. <u>See</u> <u>Martinez-Lugo</u>, 411 F.3d at 601. Torres-Lucio fails to meet his burden of showing that the district court's error affected his substantial rights. <u>See</u> <u>Valenzeuela-Quevedo</u>, 407 F.3d at 733-34; <u>see</u> <u>also</u> <u>United States v. Bringier</u>, 405 F.3d 310, 317 & n.4 (5th Cir. 2005), <u>petition for cert. filed</u> (July 26, 2005) (No. 05-5535).

AFFIRMED.